UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GINA KAIN LUSICH                                    CIVIL ACTION

VERSUS                                              NO. 14-1401

CAPITAL ONE, N.A. & CINDY MARTIN                    SECTION: "F"

ORDER AND REASONS

Before the Court are defendants' motion to dismiss under Rule 12(b)(6) and plaintiff's motion to remand.  For the reasons that follow, the motion to remand is GRANTED.

Background

This is a wrongful termination lawsuit.

Gina Kain Lusich worked for Capital One as a bank employee and bank manager for twenty-seven years.  On June 22, 2013, the district manager, Cindy Martin, informed Lusich that she was being terminated for instructing employees to falsify timecards.  Lusich denies any wrongdoing.  She claims that she was terminated for false and fabricated reasons and that Martin defamed her before her former coworkers.  She also alleges that Martin improperly testified against her at an unemployment benefits hearing.

In May 2014, Lusich filed suit against Capital One and Cindy Martin in state court.  In June 2014, defendants removed the case to this Court, asserting in their Notice of Removal that Lusich fraudulently joined Martin for the purpose of defeating diversity jurisdiction.  Defendants now move to dismiss under Rule 12(b)(6)

1

and Lusich moves to remand.

I.

A.

Although the plaintiff challenges removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  "Because removal raises significant federalism concerns, the removal statute is strictly construed." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." Id.

B.

Federal Courts are courts of limited jurisdiction, possessing only the authority endowed by the United States Constitution and conferred by the United States Congress. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).  Federal law allows for state civil suits to be removed to federal courts that have original jurisdiction over the action.  28 U.S.C. § 1441(a).  Suits not brought under federal law are removable "only if none of the parties in interest properly joined . . . [are] citizen[s] of the State in which such action is brought."  28 U.S.C. § 1441(b).  For a defendant to invoke the Court's removal jurisdiction based on diversity, "the diverse defendant must demonstrate that all of the

prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied" including that the citizenship of every plaintiff is diverse from the citizenship of every defendant. <u>Smallwood v. Illinois Cent. R.R. Co., Inc.</u>, 385 F.3d 568, 572 (5th Cir. 2004)(en banc).

Capital One and Cindy Martin assert that this Court has jurisdiction under 28 U.S.C. § 1332, which requires that complete diversity exist between the plaintiff and all properly joined defendants and that the amount in controversy exceed $75,000. The defendants urge the Court to disregard Martin's Louisiana citizenship because they contend that she was improperly joined to defeat diversity.

*C.*

The Fifth Circuit instructs that "[t]he burden of proving a fraudulent joinder is a heavy one" that is borne by the removing party. <u>Green v. Amerada Hess Corp.</u>, 707 F.2d 201, 205 (5th Cir. 1983). The removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court or that there has been outright fraud in plaintiff's pleading of jurisdictional facts. <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. 1981). "[F]raudulent joinder must be proved with particularity and supported by clear and convincing evidence by the removing party." <u>Doe v. Cutter Biological</u>, 774 F. Supp.

3

1001, 1003 (E.D. La. 1991) (internal quotation omitted). The Court, however, should not pre-try the case. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990).

The Fifth Circuit has historically used different phrases in describing the standard for improper joinder. Whether using the phrase "no possibility of recovery" or "reasonable basis for the plaintiff to establish liability," the essential standard has been the same. See Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). In Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., the Fifth Circuit clarified the standard when it stated:

> [T]he court determines whether the party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable not merely theoretical.

313 F.3d 305, 312 (5th Cir. 2002)(internal citation and quotations omitted). A full scale evidentiary hearing is improper for determining fraudulent joinder because the validity of the plaintiff's "claim against the in-state defendant(s) should be capable of summary determination." Green, 707 F.2d at 204. "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Smallwood, 385 F.3d at 572. Further, the resolution of ambiguities, whether in the relevant state law or in fact, are to be interpreted in favor of the party who is accused of improper

4

joinder. Travis, 326 F.3d at 648.

## II.

Plaintiff contends that remand is appropriate because she has sufficiently presented a claim for defamation against Martin. In Louisiana, "[f]our elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." Costello v. Hardy, 864 So. 2d 129, 139 (La. 2004)(internal quotation and citations omitted). Defendants counter that plaintiff fails to allege each of these elements and has no reasonable basis for establishing liability against Martin. The Court disagrees.

Defendants have not met their burden of demonstrating fraudulent joinder. Plaintiff alleges in her complaint that Martin accused her of instructing employees to falsify timecards, that Martin published these accusations both to plaintiff's coworkers and at the unemployment benefits hearing, that Martin either had no evidence to support or ample evidence to discredit the accusations, and that plaintiff suffered harm as a result. See id. Defendants fail to present evidence that plaintiff could not possibly recover against Martin, much less any evidence of outright fraud.

Accordingly, IT IS ORDERED that plaintiff's motion to remand is GRANTED. This case is hereby remanded to the 34th Judicial

District Court for the Parish of St. Bernard.[1]

New Orleans, Louisiana, August 18, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court lacks diversity jurisdiction over this case it does not reach the merits of defendants' pending motion to dismiss.